UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JACKIE DARRELL PENDERGRASS JR., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-115 |
| | ) | |
| MARY MOORE SULLIVAN, | ) | JUDGES GREER/STEGER |
| THOMAS CHRISTOPHER GOTT, | ) | |
| EMMA O'NEAL ANDREWS, | ) | |
| JUDITH MARIE TURCOTT, | ) | |
| MAXIMUS CHILD SUPPORT | ) | |
| ENFORCEMENT AGENCY, AND | ) | |
| STATE OF TENNESSEE | ) | |
| DEPARTMENT OF HUMAN | ) | |
| SERVICES. | ) | |
| | ) | |
| *Defendants*. | ) | |

## REPORT AND RECOMMENDATION

**I. Introduction**

Plaintiff Jackie Pendergrass Jr., *pro se*, applied to proceed *in forma pauperis* [Doc. 2]. Because I conclude that her complaint does not state a claim upon which relief can be granted, I **RECOMMEND** that this action be **DISMISSED WITHOUT PREJUDICE** and the application to proceed *in forma pauperis* be **DENIED AS MOOT**.

Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs—including non-prisoners seeking *in forma pauperis* status—and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith*

*v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

**II.     Facts**

Plaintiff filed a 42 U.S.C. § 1983 claim against a state-court magistrate judge, attorneys, a state contractor handling child support payments, and the Tennessee Department of Human Services. [Doc. 1]. In support, Plaintiff alleges that from October 2004 through November 2014:

> The attorneys and magistrates took part or in whole, in the court proceedings such led to so-called judicial hearings giving rise to false statements, fraudulently induced child support orders, revocation of state issued driver's license, passport revocation and 3 purges (one of which I had to spend 5 months and 2 weeks at CCA Silverdale).
>
> Each of the court officials as well as the plaintiff in the child case, Heather Burnette used her family's sphere of influence to coerce and in fact cause damage to me and my personal properties.
>
> The child support case is a Title IV-D, Non-TANF which[ ] is essence has amounted to little more than the court officials and Mrs. Burnette extorting money from me to be vindictive. Systematically the court officials have worked hand in hand with Mrs.[ ] Burnette and her employer Mary Sullivan Moore (a former Hamilton County d.a. general) to effectively end my relationship with my daughter. Please see attachment for more information.[1]

[Doc. 1 at PageID #: 5]. Plaintiff filed his complaint on April 25, 2019. [*See* Doc. 1].

From what the Court can glean from the pleading, Heather Burnette is the mother of the child, and Mary Sullivan Moore, a local criminal defense lawyer, is her employer. Emma O'Neal Andrews is also a local Chattanooga attorney, and Judith Marie Turcott is an attorney for the State of Tennessee. The Honorable Thomas Christopher Gott is a juvenile court magistrate judge.

---

[1] Quoted exactly as in the original without corrections in grammar or spelling.

**III.     Discussion**

    **A.     Standard of Review**

The standard required by 28 U.S.C. § 1915(e)(2) to properly state a claim upon which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint upon which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70). Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief."). This requirement means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    **B.     Analysis**

        **1.     Plaintiff's claim is time-barred**

"Federal district courts apply state statutes of limitations in proceedings brought under 42 U.S.C. § 1983." *Cooper v. Rhea Cnty., Tenn.*, 302 F.R.D. 195, 199 (E.D. Tenn. 2014) (citing

3

*Wallace v. Kato*, 549 U.S. 384, 387 (2007)). While § 1983 has no statute of limitations of its own, the applicable limitations period is the same period that "state law provides for personal injury torts, which is one year in Tennessee. *Id.*; Tenn. Code Ann. § 28-3-104. *See Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 action).

As for the limitations period, it "begins to run on the day when the cause of action accrues." *Cooper*, 302 F.R.D. at 199 (citing *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S.Ct. 604, 610 (2013)). And accrual occurs "when the injury occurred or was discovered." *Id.* (citing *CTS Corp. v. Waldburger*, 134 S.Ct. 2175, 2181 (2014) (internal quotation marks omitted). That is, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Howard v. Rea*, 111 Fed. Appx. 419, 421 (6th Cir. 2004) (quoting *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). "A plaintiff has reason to know of his injury when [they] should have discovered it through the exercise of reasonable diligence." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984)). "Courts have taken a common-sense approach to this task, inquiring as 'to what event should have alerted the typical layperson to protect his or her rights.'" *Id.* (quoting *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 548 (6th Cir. 2000)).

In this case, even giving Plaintiff the benefit of the doubt and starting the limitations period in November 2014, his claim is still over three-and-a-half years too late. Thus, because his claim is well-outside the one-year statute of limitations, it is **DISMISSED.** *See* Tenn. Code Ann. § 28-3-104 (noting a one-year statute of limitations period for claims under 42 U.S.C. § 1983).

### 2. *Rooker-Feldman* Doctrine bars this Court's review of the state proceeding

Plaintiff's § 1983 claim also fails under *Rooker-Feldman* doctrine. Specifically, Plaintiff also challenges the outcome of state-court proceedings. And, to the extent that Plaintiff seeks a review of this state-court decision, this Court lacks jurisdiction to review his claim under the doctrine developed in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Under the "*Rooker-Feldman* doctrine," federal district courts lack subject-matter jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Cornelius v. Mich. Att'y Grievance Comm'n*, 510 F. App'x 404, 406 (6th Cir. 2013) (per curiam) (quoting *Coles v. Granville*, 448 F.3d 853, 857 (6th Cir. 2006)); *see also Berry v. Schmitt*, 688 F.3d 290, 299-300 (6th Cir. 2012). This Court is not a "super-appellate" court, in which a party—believing himself aggrieved by a state court decision—may seek to overturn it by filing a federal lawsuit. Insofar as Plaintiff believes that the state-court judgment was erroneous, the appropriate vehicle is an appeal in state court, not a federal lawsuit.

### 3. Magistrate Gott is entitled to judicial immunity for any claim against him

Furthermore, concerning the claim against Magistrate Gott, he is entitled to judicial immunity. Judicial immunity attaches to actions undertaken in an official judicial capacity. *Forrester v. White*, 484 U.S. 219, 227-229 (1988). An action taken in a judicial capacity is a function normally performed by a judge. *See Stump v. Sparkman*, 435 U.S. 349 (1978). An act is non-judicial if it is one not normally performed by a judicial officer or if the parties did not deal with the judge in his official capacity. *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985) (citing

5

*Stump*, 435 U.S. at 356-59). Magistrate Gott's decision in a custody dispute brought in the Juvenile Court of Hamilton County, Tennessee is well within his role as a judicial officer, and he is entitled to judicial immunity concerning that decision. This action is properly **DISMISSED** against him.

## IV. Conclusion

Statutes of limitations "have been part of the law of every civilized nation from time immemorial . . . . [And are] 'designed to protect the citizens from stale and vexatious claims [as well as] to make an end to the possibility of litigation after the lapse of a reasonable time.'" *Hargraves v. Brackett Stripping Machine Co.*, 317 F. Supp. 676, 682 (E.D. Tenn. 1970) (quoting *Guar. Tr. Co. of New York v. United States*, 304 U.S. 126, 136 (1938)). By enacting Tennessee Code Annotated § 28-3-104, the Tennessee General Assembly was clear as to what constitutes a reasonable time: one year after the cause of action accrued for cases "brought under federal civil rights statutes[.]" T.C.A. § 28-3-104(a). Plaintiff, however, did not bring his claim until three-and-a-half years after the limitations period expired.

Likewise, this Court lacks subject-matter jurisdiction under the *Rooker-Feldman* Doctrine because Plaintiff is contesting the outcome of a state-court proceeding.

Beyond the foregoing bases for dismissal, the claim against Magistrate Gott is dismissed on an additional, separate ground, *to wit*, he is immune from liability because the alleged wrongdoing was based on a decision that he made in his capacity as a judge.

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice and the application for *in forma pauperis* status be **DENIED AS MOOT**.[2]

---

[2] Any objections to this Report and Recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to Rule 72(b)'s requirements. Failure to file objections within the time specified constitutes a waiver of the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE